## Perilstein et al. *v.* Prudential Insurance Company of America, Appellant.

Argued December 1, 1942. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Joseph W. Henderson,* of *Rawle & Henderson,* with him *A. A. Vosburg* and *A. Floyd Vosburg,* of *Vosburg & Vosburg,* for appellant.

*John W. Bour,* with him *Irving L. Epstein,* for appellees.

OPINION BY MR. JUSTICE LINN, January 4, 1943:

Defendant appeals from judgment for the full amount of its insurance policy dated November 21, 1938, on the life of Evelyn Perilstein. The defense averred was suicide "within two years after the date of the policy" and that the premiums paid had been tendered. At the trial the fact of suicide on January 11, 1940, was stipulated. A referee, appointed under a local Act, held that the defense was unavailable by reason of an incontestability clause; exceptions to his report were dismissed by the court and judgment entered.

The policy provided: "Suicide.—If within two years from the date hereof the Insured, whether sane or insane, shall die by suicide, the liability of the Company shall not exceed the amount of the premiums paid on this Policy."

"Incontestability.—This Policy shall be incontestable after two years from its date of issue, except for nonpayment of premium, but if the age of the Insured be misstated the amount of insurance shall be such as the total rate of premium actually paid would have purchased at the correct age, and the loan and non-forfeiture values and all other benefits shall be adjusted accordingly."

Suit was not brought until January 29, 1941, more than two years after the date of the policy. The learned referee thought the provisions were conflicting and ambiguous and must therefore be construed against the insurer. The appellee suggests that the precise point has not been ruled in Pennsylvania and relies on cases decided in other jurisdictions. There is a division of authority on the subject in other jurisdictions.[1] The trend of decision [2] in Pennsylvania is against the con-

---

[1] See Notes (1928) 55 A. L. R. 549, 552, 554; (1930) 67 A. L. R. 1364; 29 Am. Jur. section 885, p. 678.

[2] See *Starck v. Union C. L. Ins. Co.*, 134 Pa. 45, 49, 19 A. 703; *Sargeant v. National Life Ins. Co.*, 189 Pa. 341, 41 A. 351; *Krebs v. Phila. Life Ins. Co.*, 249 Pa. 330, 95 A. 91; *Hall v. Mutual Reserve*

clusion reached below and contended for by the appellee. We think that fundamental principles of contract require the reversal of the judgment and adopt the reasoning stated in 3 Williston, Contracts, (rev. ed. 1936) section 811, page 2280: "In determining whether the incontestable clause is applicable to a given situation a distinction should be noted between matters of defense going to the invalidity of the whole policy on the one hand, and on the other hand provisions relating to excepted risks. The incontestable clause is intended not to enlarge the scope of the insurer's promise so as to include liability for death due to causes which are excluded either by express terms of the policy or by implication of law, but to make certain the enforcibility of the promise as set out in the policy. Properly interpreted, therefore, the incontestable clause does not exclude a defense based on a suicide clause. Such a defense does not contest the validity of the policy, as does a defense of fraud in procuring the policy; it supports the policy, but asserts that by its terms the insurer is not bound to pay where death is caused by suicide. The contrary decisions which regard the two provisions as conflicting, and which, on the principle of interpreting against the insurer, hold that the incontestable clause prevails over the other, fail to observe this distinction."

Nothing need be said in dismissing the motion to quash except that we have not considered the evidence of Kathryn Stender.

Judgment reversed and pursuant to the stipulation of the parties judgment is now entered in favor of the plaintiff for the amount of the premiums paid and which had been tendered, $210.72.

---

*Fund Life Ass'n*, 19 Pa. Superior Ct. 31; *Longenberger v. Prudential Life Ins. Co.*, 121 Pa. Superior Ct. 225, 229, 230, 183 A. 422; *Mayer v. Prudential Life Ins. Co.*, 121 Pa. Superior Ct. 475, 479, 481, 184 A. 267.