**NEUHARD v. UNITED STATES.**
Civil Action No. 3121.

United States District Court
M. D. Pennsylvania.
April 8, 1949.

Charles L. Casper, of Fahey & Casper, all of Wilkes Barre, Pa., for plaintiff.

Arthur A. Maguire, Asst. U. S. Atty., of Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action for $10,000 on two policies of life insurance issued to George L. Fahnestock, now deceased, under the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq., hereinafter referred to as the "Act of 1940."

The plaintiff, Ida Neuhard, was an aunt of the insured, and was designated as beneficiary in the policies. The plaintiff claims the proceeds of the policies, alleging that she stood "in loco parentis" to the insured for more than a year prior to his entry into the service and, therefore, is within the class of permitted beneficiaries under Section 802(g) of the Act of 1940. The Government denies the plaintiff's allegation of the "in loco parentis" relationship.

After the plaintiff completed presentation of her evidence the Government moved for a dismissal of the action on the ground that, upon the facts and the law, the plaintiff had shown no right to relief. On this motion, the action was dismissed without prejudice to the plaintiff. Plaintiff has moved the Court to vacate its order of dismissal and to enter judgment for the plaintiff. This motion is now before the Court for disposition.

Plaintiff contends that judgment should be entered for the plaintiff for the reason that "the United States may not contest this action under the provisions of the National Service Life Insurance Act." Section 802(w) of the Act, on which plaintiff relies, reads as follows: "Subject to the provisions of section 812 of this title, all contracts or policies of insurance before or after August 1, 1946 issued, reinstated, or converted shall be incontestable from the date of issue, reinstatement, or conversion except for fraud, nonpayment of premium, or on the ground that the applicant was not a member of the military or naval forces of the United States."

It does not seem that Congress intended by this incontestable provision to increase or broaden the limits of the insurance contracts of the United States but only to clearly fix enforceability of the contracts as set out in the policies. Here Section 802(g) of the Act of 1940, which sets forth the class of permitted beneficiaries, was a term of the insurance contracts, since the certificates issued to the insured in lieu of policies state in part, " * * * this insurance is granted under the authority of the National Service Life Insurance Act of 1940, and subject in all respects to the provisions of such Act, of any amendments thereto, and of all regulations thereunder, now in force, or hereafter adopted, all of which, together with the application for this insurance, and the terms and conditions published under authority of the Act, shall constitute the contract." Therefore, a defense denying that plaintiff is in the class of permitted beneficiaries does not contest the validity of these policies; but this defense is an assertion of and a reliance on the terms of the policies. Such defense is not a contest of the policies so as to be precluded by Section 802(w) of the Act of 1940. The Government admits in its answer that insured was granted said policies and that the insurance was in full force and effect at the date of insured's death. The Government does not deny that the proceeds are payable, but does deny that they are payable to this plaintiff, and all that is contested is the claim of this plaintiff. The policy itself is not contested. It is impossible to conceive that the contract could provide that the policy shall be payable only to certain relatives of the insured, and also provide that, if a person who is not such a relative claims the proceeds of the policy, the United States shall be barred from contesting that person's claim.

A careful examination of the cases fails to show a federal case wherein the same question as to incontestability arose and was determined. In the case of Branch v. United States et al., D.C.W.D. Okl., 63 F. Supp. 641, the plaintiff sought as the widow of the insured to recover the proceeds of an insurance policy similar to the one involved in the present action. The United States contested the claim, and the Court concluded that the plaintiff was not the lawful wife of the insured, and was not within the class of beneficiaries as permitted by Section 802(g) of the Act of 1940. In this case, it was not contended that defendant was barred from contesting the Plaintiff's claim. In the case of Gehm v. United States, D.C.S.D.N.Y., 83 F.Supp. 1003, the plaintiff sought to recover as beneficiary of a policy similar to the one involved in the present

action. The paintiff alleged that she was the widow of the insured. The Court held that the plaintiff, the named beneficiary of decedent's policy, was not entitled to payment of the proceeds of decedent's insurance since she was never the legal wife of the decedent, and stated in the opinion: "Since the insured designated a beneficiary who was not within one of the classes of permitted beneficiaries his designation was ineffectual and the policy stood as if no beneficiary had been designated." There was no contention in this case by the plaintiff that the defendant was barred from contesting by the provisions of Section 802(w) of the Act of 1940.

In Perilstein et al. v. Prudential Insurance Company of America, 1943, 345 Pa. 604, 29 A.2d 487, it was held by the Pennsylvania Supreme Court that a life insurance policy containing a provision that it shall be incontestable after two years from its date, except for nonpayment of premiums, did not preclude the insurer more than two years after its date from raising the defense of suicide under another provision of the policy. The Court in its opinion adopted the reasoning stated in 3 Williston on Contracts (Rev.Ed.1936), Section 811, as follows: "The incontestable clause is intended not to enlarge the scope of the insurer's promise so as to include liability for death due to causes which are excluded either by express terms of the policy or by implication of law, but to make certain the enforceability of the promise as set out in the policy. Properly interpreted, therefore, the incontestable clause does not exclude a defense based on a suicide clause. Such a defense does not contest the validity of the policy, as does a defense of fraud in procuring the policy; it supports the policy, but asserts that by its terms the insurer is not bound to pay where death is caused by suicide."

It is the conclusion of this Court that the defendant, the United States of America, is not barred from contesting this action by the provisions of Section 802(w) of the Act of 1940.

Plaintiff also contends that judgment should be entered for the plaintiff, for the reason that the Court erred in making its order of dismissal and in refusing to submit to the jury the question of whether an "in loco parentis" relationship existed between the plaintiff and the insured. At the trial, the burden was on the plaintiff to show that she was in fact "in loco parentis." One "in loco parentis" has been defined as one who means to put himself in the situation of a lawful parent to the child with reference to the office and duty of making provision for the child, Fitzpatrick v. Hudson Coal Co., 1946, 159 Pa.Super. 53, 46 A.2d 589, and has also been defined as one who actually assumes the obligations incident to the parental relation without going through the formalities necessary to a legal adoption. Horsman et al. v. United States et al., D.C. W.D.Mo. 1946, 68 F.Supp. 522.

It appears from the evidence that the insured was over twenty-one years of age at the time plaintiff avers the "loco parentis" relationship arose. Plaintiff contends that Congress uses the words "in loco parentis" as descriptive words without the limitation that the relation can arise only when the insured is a minor, and relies on the case of Zazove v. United States et al., 7 Cir., 1946, 156 F.2d 24, 27, where it was stated, inter alia: "In our opinion if the person named as beneficiary stands in fact in the relation of a parent toward the insured, yielding whatsoever there is of substance or sentiment to the relationship, the fact that the person who is the recipient of the fruits of such relationship is an adult is immaterial." In this case, the plaintiff has failed to show under either definition that she was "in loco parentis" to the insured. Looking at that evidence which is most favorable to plaintiff's contention, it appears that plaintiff was insured's aunt, and was his mother's sister; that insured lived with his mother until her death in March, 1940, at a place four or five miles from the plaintiff's home; that insured's mother was ill for four or five years prior to her death, during which time plaintiff frequently visited insured's home and helped to do the housework; that, after the death of insured's

**914**

mother in March, 1940, according to plaintiff's own testimony, the insured "seemed to make his home" with the plaintiff and lived with her "about all of the time" until insured entered the service in June, 1941; that, during the period from March, 1940, to June, 1941, plaintiff did not know the age of the insured, nor did she know where or how long insured worked, if he did work; that plaintiff would not say that insured did not board with another family during the period from March, 1940, to June, 1941; and that insured's notice to go into the service did not reach insured at plaintiff's home. Arthur E. Neuhard, a son of the plaintiff, testified that, during the period in question, March, 1940, to June, 1941, the insured came "to live" with his mother, and also that insured was not there every night, at which times insured "was away living near his work." This witness also testified that, during the period in question, insured did have a room some place else.

■■■ There is no evidence from which the jury might find that the plaintiff was in any way dependent upon the insured, and Congress, in providing for the National Service Life Insurance, intended to provide a method for assisting by the proceeds of insurance policies those dependent to some extent upon those in active service, as defined by Section 801(c) of the Act of 1940. The action was properly dismissed.

■■ It is the opinion of this Court that the plaintiff has failed to establish by the evidence that she stood in the relation of "in loco parentis" to the insured for more than a year prior to his entry into the service and, therefore, she, the named beneficiary of decedent's policy, is not entitled to payment of the proceeds of the insurance.

An appropriate order will be filed herewith.

### Order.

Now, plaintiff's motion to vacate order of dismissal and to enter judgment for the plaintiff is denied.