Mildred M. GUY

v.

UNITED STATES of America ex rel.
VETERANS ADMINISTRATION.

Civ. A. No. 67-9.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Feb. 23, 1968.

James A. McGraw, Baton Rouge, La.,
for plaintiff.

Louis C. LaCour, U. S. Atty., Joan
Elaine Chauvin, Asst. U. S. Atty., East-
ern Dist. of Louisiana, New Orleans, La.,
for defendant.

WEST, Chief Judge:

The facts involved in this case are un-
disputed. On January 28, 1966, Leslie
L. Guy, plaintiff's deceased husband,
made application for a modified life in-
surance policy of National Service Life
Insurance in the amount of $10,000 un-
der the provisions of Public Law 88-664,
78 Stat. 1094, 38 U.S.C.A. § 725. This
law became effective on May 1, 1965.
It enabled certain veterans who were eli-
gible thereunder and who complied with
the application requirements therein set
forth to apply for and to obtain up to
$10,000 worth of National Service Life
Insurance. Those eligible to apply were
given, by the terms of the Act, one year
from the date of its enactment to apply
for the insurance benefits provided there-
in. Plaintiff's husband, Leslie L. Guy,
did apply within the year allowed for so
doing, and he did meet all of the qualifi-
cations for obtaining the insurance ap-
plied for. According to the terms of the
application, if accepted the insurance ap-
plied for is in full force and effect as of
the date of the application. The insur-
ed submitted an initial premium payment
of $62.92, and his application for insur-
ance, dated January 28, 1966, was ap-
proved under Policy No. JS8351-17-23.
Further premium payments of $70.22
and $66.52 were subsequently made by
Mr. Guy. On May 4, 1966, or a little
over three months after applying for
insurance, Leslie Guy died of a Meta-
static brain tumor, which admittedly was
a condition existing on the date the ap-
plication for insurance was made. His
wife, the plaintiff herein, who was nam-
ed as the sole beneficiary in the applica-
tion filed on January 28, 1966, filed the
required proof of loss and applied for
the benefits which she claimed to be
due, i. e., the sum of $10,000 less an un-
paid premium in the amount of $318.86.
Her application for payment was reject-
ed with the explanation that:

"The application states that if death
occurred within the first policy year
either directly or indirectly from a con-
dition existing on the effective date,
settlement would be limited to the
amount of the premium paid. There-
fore, the face amount of the insurance
applied for is not payable, in accord-
ance with the terms of the contract.
An award of $199.56 has been author-

ized. The beneficiary will receive a check for this amount soon."

Plaintiff rejected this explanation and filed this suit contending that under the provisions of Public Law 88–664, 38 U.S.C.A. § 725, she is entitled to the full benefits provided for therein, namely, the full face value of the policy, less any premiums due.

The only question presented here for determination is whether or not the Administrator, by regulation duly promulgated, could so limit the settlement under a policy of insurance issued pursuant to the provisions of Title 38 U.S.C.A. § 725 to a return of the amount of premiums paid when death of the insured occurs within the first policy year either directly or indirectly from a condition existing on the effective date of the coverage. The plaintiff contends that such a regulation in effect alters or amends the law without the consent of Congress, while the defendant contends that such a regulation was in fact promulgated in accordance with the provisions of the Act itself and in accordance with the intent of Congress. It is the opinion of this Court that the position of the defendant must prevail.

The pertinent parts of Title 38 U.S.C.A. § 725 provide as follows:

"(a) Any person  *  *  *  heretofore eligible to apply for National Service Life Insurance after October 7, 1940, and before January 1, 1957, who is found by the Administrator to be suffering  *  *  *  (2) from a non-service-connected disability which renders such person uninsurable according to the standards of good health established by the Administrator and such person establishes to the satisfaction of the Administrator that he is unable to obtain commercial life insurance at a substandard rate, shall, upon application in writing made within one year after the effective date of this section, compliance with the health requirements of this section and payment of the required premiums, be granted insurance under this section.

"  *  *  *

"(c)  *  *  *  if the applicant has a non-service-connected disability which renders him uninsurable according to the standards of good health established by the Administrator and such person establishes to the satisfaction of the Administrator that he is unable to obtain commercial life insurance at a substandard rate and such uninsurability existed as of the date of approval of this section, the insurance granted under this section shall be issued upon the same terms and conditions as are contained in standard policies of National Service Life Insurance, except

*    *    *    *    *    *

(7) *the insurance shall include such other changes in terms and conditions as the Administrator determines to be reasonable and practicable;"* (Emphasis added.)

Pursuant to (7) above, the Administrator promulgated a Regulation which reads, in pertinent part, as follows:

"(c) National Service Life Insurance may be granted under the provisions of 38 U.S.C. 725(c), on or after May 1, 1965, and prior to May 3, 1966, to persons referred to in § 8.0(d) (2) (iii). Such insurance shall be issued in accordance with the provisions of paragraphs (b) and (e) of this section and with the following additional provisions:

"(1) The insurance shall not be payable for death of the insured which occurs within 1 year from the effective date if such death is caused or is contributed to directly or indirectly by

(i) bodily or mental (including nervous) illness, injury, infirmity or disease of any kind or any medical or surgical treatment of such illness, injury, infirmity or disease which existed on the effective date of such insurance; or by

(ii) any other bodily, or mental (including nervous) illness, injury, infirmity or disease arising as a complication or sequela of or second-

ary to progress or treatment of the bodily or mental (including nervous) illness, injury, infirmity or disease which existed on the effective date of such insurance.

"(2) The insurance shall not be payable if the insured, while sane or insane, shall commit suicide within 1 year from the effective date;

"(3) If the insurance is not payable for death within 1 year from the effective date as set forth in subparagraphs (1) and (2) of this paragraph the premiums paid, without interest, less any indebtedness will be paid to the designated beneficiary, if living, or otherwise to the insured's estate;" 38 CFR § 8.112a (c).

In addition to the above regulation, the application which was signed by the insured contained the following:

"I further understand and agree that if I am found eligible to be granted the insurance, I will be insured from the date my application, together with the initial minimum premium, is mailed or otherwise delivered to the Veterans Administration. I further understand and agree that if, within one year from the effective date of the insurance, my death occurs as the direct or indirect result of suicide, or of a health condition which existed on the effective date of the insurance, arising therefrom or secondary thereto, or treatment thereof, as set forth in the policy, that liability of the United States is limited to return of the premiums paid, without interest, less any indebtedness, and that notice and proof of the cause of death must be filed with the Veterans Administration within ninety days after death."

The thrust of plaintiff's argument is that under the provisions of Title 38 U.S.C.A. § 725, upon making written application for issuance, giving evidence of inability to comply with the good health standards, and payment of the required premiums, a veteran shall "be granted insurance under this section." It is plaintiff's position that compliance

with this section and nothing more entitles the veteran to the full benefit of the insurance therein provided for and that no regulation issued by the Administrator can diminish that right. Defendant, on the other hand, points to 38 U.S.C.A. § 725(c) (7) and says that the regulation promulgated by the Administrator in 38 CFR § 8.112a is "reasonable and practicable" within the intendment of the Act. Defendant also points to 38 U.S.C.A. § 706 which deals specifically with National Service Life Insurance and provides that such "provisions as may be found to be reasonable and practicable may be provided for in the policy of insurance from time to time by regulations promulgated by the Administrator." It was pursuant to this provision, says the defendant, that 38 CFR § 8.112a was promulgated to regulate the insurance issued under 38 U.S.C.A. § 725.

Plaintiff argues that such a regulation has the effect of changing or amending the Act of Congress providing for the issuance of insurance to those veterans who meet the specific requirements set forth in the Act. The Court cannot agree with plaintiff's contention. The regulation in question was clearly authorized by both 38 U.S.C.A. § 725(c) (7) and also by 38 U.S.C.A. § 706. Congress was well aware of the fact that such a regulation would be promulgated when it passed the Act providing for the issuance of this insurance and the regulation in question was entirely consistent with the purposes of the Act as contemplated by Congress. The legislative history of the Act clearly shows that such a regulation was contemplated by Congress. In explaining the Bill to the Senate, the report of the Committee on Finance, Senate Report No. 246, 80th Cong. 1st Session, states:

"This proposal authorizes the Veterans Administration to transfer up to $1,-650,000 from the veterans special term insurance fund for the purpose of providing administrative expenses in connection with the reopening of National Service Life Insurance. * * * The veterans reopened insurance program,

authorized by Public Law 88–664, is to be self-sustaining and the Administrator must include the cost of administration and premiums and has authority to raise and lower premiums as experience may dictate."

During the hearings before the Sub-Committee on Insurance of the Committee on Veterans Affairs, House of Representatives, 90th Cong., 1st Session, held on February 17, 1965, the proposed regulation in question was thoroughly discussed. In response to an inquiry of Honorable Olin E. Teague, Chairman of Veterans Affairs Committee of the House of Representatives, concerning the Veterans Administration's position regarding the reopening of the National Service Life Insurance Program, Mr. W. J. Driver, the then Deputy Administrator, wrote, in part:

"Since it does not appear feasible to make the program self-supporting through the medium of premiums, it has been decided to make it so through the medium of restricted coverage. Specifically, what we are proposing to do is to incorporate a provision in all contracts issued in this program to the effect, in essence, that in the event of death within the first twelve months resulting from, or in any way traceable to the physical condition existing at the time of issue of the policy, the liability for payment will be limited to the premiums paid on the policy. A one year suicide clause is also being incorporated in these policies. This, as you can see, will eliminate the heavy early death losses, and permit the establishment of a more practical premium structure to keep the program self-supporting."

Also, in response to Mr. Teague's request for comments on the plans of the Veterans Administration to implement the program, Mr. M. E. Davis, Chairman of the Actuarial Advisory Committee, wrote:

"2. For those in the second category [some whose condition usually terminates in death within a relatively short time] any form of insurance would be attractive. The Administrator's proposal to limit the amount payable in the event of death within the first twelve months to a return of premiums if the cause of death is traceable to the physical condition at the time of issue is a good practical means of complying with the law."

And again, during the hearing, Mr. C. F. Brickfield, Deputy Administrator of the Veterans Administration, advised the Committee as follows:

"This program was discussed at length in a recent meeting of our Actuarial Advisory Committee, which consists of eminent executive actuaries from private insurance companies, geographically representing the country. They agreed with the reasoning of the preceding paragraph and with the need to restrict the coverage, as indicated in the next paragraph, in order to reduce early death losses.

"Since it does not appear feasible to make the program self-supporting through the medium of premiums, it has been decided to make it so through the medium of restricted coverage. Specifically, what we are proposing to do is to incorporate a provision in all contracts issued in this program to the effect, in essence, that in the event of death within the first twelve months resulting from, or in any traceable to the disability or disabilities existing at the time of issue of the policy, the liability for payment will be limited to the premiums paid on the policy."

Hence, it is clear that the Congressional Committees that reported this Bill favorably and ultimately brought about its passage were well aware of the fact that the contested regulation would be promulgated as a means of making it possible for the program to be self-sustaining as required by the Act itself.

In view of this history, it cannot be said that the Regulation had the effect of amending the Act without consent of Congress. On the contrary, the Regulation was a necessary part of the implementation of the Act itself. Thus, it is the opinion of this Court that

the Regulation is binding upon those participating in the program to whom it is applicable, and since there is no dispute about the fact that in this case Leslie L. Guy did die within the first policy year directly from a condition existing on the effective date of the policy, plaintiff's recovery must be limited to the amount of the premiums paid. Judgment will be entered accordingly.