Anastasia **KAPOURELOS**

v.

**UNITED STATES of America and William J. Driver, Administrator of Veterans Affairs.**

**Civ. A. No. 68–2055.**

United States District Court
E. D. Pennsylvania.
Aug. 12, 1969.

Basil C. Clare, Chester, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION

JOHN W. LORD, Jr., Chief Judge.

This case comes to the Court on plaintiff's motion for summary judgment and on defendants' motion to dismiss for lack of jurisdiction or in the alternative for failure to state a claim upon which relief can be granted, which can likewise be treated as a motion for summary judgment as provided by Rule 12(b), Fed.R.Civ.P. There is no genuine dispute as to any material fact.

The basic facts here involved are as follows: In 1964, Congress adopted a Veterans Reopened Insurance Program for a period of just over one year from May 1, 1965 to May 3, 1966, by enactment of a new section to the National Service Life Insurance Act, Section 725 of Title 38, United States Code. Tolly G. Kapourelos, a veteran of World War II, whose originally issued insurance had lapsed for nonpayment of premiums filed an application on April 27, 1965 for $10,-000 life insurance under Section 725 within the required period of time. He also paid the required premiums.

The Veterans Administration Center, Philadephia, Pennsylvania, received the application, assigned a life insurance policy number thereto and accepted payment of premiums for the months of May and June, 1965. On July 2, 1965, the insured died while a patient in the Veterans Administration Hospital, Coatesville, Pennsylvania. The cause of death, as confirmed by autopsy, was chronic bronchitis, emphysema, and fibrosis of the lungs, non-service connected disabilities from which the veteran had suffered for several years. The plaintiff in this case, Anastasia Kapourelos, is the mother of the veteran and the beneficiary named in his application for insurance. Her written demand for the proceeds of the insurance was rejected and her claim disallowed. She then filed a Notice of Disagreement. The Statement of the Case furnished to the plaintiff for the purposes of her appeal to the Adminis-

trator of Veterans Affairs gave as the reason for rejection of her claim, that:

"Veteran did not have any National Service Life Insurance in force at time of his death."

The Board of Veterans Appeals, which is the final administrative agency for appeal, found as part of its findings of fact that:

"5. The application for insurance under Section 725 of 38 U.S.C. was not acted on prior to death.

"6. Subsequent to death, the application for insurance was rejected because he died within one-year period following the application from non-service connected causes, which were in existence at the time of the application."

The reason for rejection referred to in "6." above is based upon a regulation of the Administrator of Veterans Affairs, discussed more fully below, which provides in effect that proceeds of the policy will not be paid where the insured dies within one year of the date of application from a non-service connected disability in existence at the time of the application. (38 C.F.R. 8.112a(c)). Reliance on this regulation was also the basis of the decision of the Board of Veterans Appeals, as is evident from the latter's Conclusions of law, which follow:

"CONCLUSIONS OF LAW"

"1. The *veteran was entitled to issuance of a policy* of $10,000 National Service Life Insurance under the provisions of 38 U.S.C. 725 because of uninsurability.

"2. If the policy had been issued, payment could not properly be authorized because he died within one year of date of application from non-service connected disability in existence on date of application. (38 C.F.R. 8.112a (c))." (Emphasis added.)

Subsequent to final administrative determination by the Board of Veterans Appeals, the present plaintiff filed her Original Complaint in this case, which invoked the jurisdiction of this Court pursuant to 38 U.S.C. § 784. Defendants then moved to dismiss for lack of jurisdiction. Plaintiff then amended her complaint so as to rely on additional grounds for jurisdiction, namely the recently amended mandamus provision and related venue provisions as well as certain other provisions not discussed further here. 38 U.S.C.A. § 785, 28 U.S.C.A. § 1346(a) (2), 28 U.S.C.A. § 1361, 28 U.S.C.A. § 1391(e), and 5 U.S.C.A. § 701. Pursuant to the amended mandamus and venue provisions, the Administrator of Veterans Affairs was added as a party defendant.

The Government now requests this Court to dismiss this action on the ground of lack of jurisdiction on the basis that this case does not involve a claim arising "under contract of National Service Life Insurance" and therefore not one for which jurisdiction is conferred by 38 U.S.C.A. Alternatively, the Government requests the Court to dismiss this case for failure to state a claim upon which relief can be granted, on the grounds that the Veteran applied under the wrong subsection of 38 U.S.C.A. § 725 and therefore had no effective insurance and that, even if he had acquired effective insurance, payment would be limited to a refund of the premiums under a valid administrative regulation. (38 C.F.R. 8.112a(c).)

Plaintiff contends that the Court does have jurisdiction both under the original jurisdictional provision, 38 U.S.C.A. § 784 and under the newly amended mandamus and venue provisions, 28 U.S.C.A. §§ 1361 and 1391(e); that veteran was entitled to the issuance of an insurance policy; that plaintiff is entitled to recover the policy proceeds; and that recovery is not limited to a refund of premiums because the administrative regulation so limiting the recovery is invalid. On this basis, plaintiff requests the Court to grant summary judgment in her favor and award her the proceeds of the policy.

Defendants' motion may also be treated as one for summary judgment as provided by Rule 12(b) Fed.R.Civ.P.

■ On the question of jurisdiction, the Government cites Rowan v. United States, 211 F.2d 237 (3rd Cir. 1954) in support of its position that the Court has no jurisdiction. In that case a National Service Life Insurance policy had lapsed for nonpayment of premium and the final action of the Veterans Administration was a rejection of the veteran's application for reinstatement. The court held there was no jurisdiction in the District Court for the Middle District of Pennsylvania under Section 817 of Title 38 U.S.C.A. (the predecessor of the present Section 784 of Title 38 U.S.C.A.), which confers jurisdiction in the case of claims "under contract of National Service Life Insurance". Whether that holding that such a claim is not one "under contract of National Service Life Insurance" would apply in a situation like the present one where the final determination of the Veterans Administration was that the veteran "*was entitled to the issuance of a policy*", (emphasis added) is open to considerable question. But in any event, it is the conclusion of this Court that, as a result of the amendments to the mandamus and related venue provisions extending jurisdiction in mandamus cases to all Federal District Courts and establishing venue, among other places, in the District where the plaintiff resides (providing no real property is involved), there is jurisdiction to hear the instant case in this Court. 28 U.S.C.A. §§ 1361 and 1391(e). (Plaintiff in the instant case is a resident of the Eastern District of Pennsylvania.) It is noteworthy in this regard that the District Court in the *Rowan* case relied on by the Government noted that serious hardship was created by the requirement that a suit against the administrator, unlike one under the predecessor of section 784 of Title 38, could only be brought in the District Court for the District of Columbia, but indicated that this hardship represented a frequently recurring problem which only Congress could solve. Rowan v. United States, 115 F.Supp. 503, 506 (M.D.Pa. 1953) (quoting from Mitchell v. United States, 111 F.Supp. 104, 107 (D.N.J. 1952), which dealt with an analogous problem), aff'd, 211 F.2d 237 (3rd Cir. 1954). And it was just this problem which Congress did attempt to solve by amendment of the mandamus and venue provisions here involved. The changes were made specifically for the purpose of relieving the hardship resulting from the requirement of bringing actions relating to such matters as that involved in the *Rowan* case only in the District of Columbia. 28 U.S.C.A. §§ 1361 and 1391 (e); 1962 U.S.Code Cong. & Ad.News, p. 2785. It is, therefore, the opinion of this Court that the case before us is just the sort of case to which Congress addressed itself in extending mandamus jurisdiction to all District Courts.

■■ In the instant case the mandamus remedy is clearly appropriate. No question of discretion is involved with regard to the issuance of a policy because, as has been noted above, the final ruling of the Veterans Administration was specifically that the veteran was entitled to the issuance of a policy. This finding of the Veterans Administration also disposes of the Government's argument that the veteran applied under the wrong subsection of Section 725 of Title 38, and was therefore not entitled to issuance of a policy.

The Court could therefore order the issuance of a policy at this time which, like other policies issued by the Veterans Administration under Section 725, would be effective from the date of application. But, proceeding on the basis that equity regards as done that which ought to be done, the Court prefers simply to view the situation here as though a policy had been issued, and to address itself to the merits of the other issues here presented under its resultant jurisdiction under Section 784 of Title 38.

This brings the Court to the second conclusion of law of the Board of Veterans Appeals. That Board ruled that if a policy had been issued, payment of the proceeds could not properly be authorized because the veteran died within one

year of the date of application from a non-service connected disability in existence on the date of application. This ruling was based on the regulation promulgated by the Administrator of Veterans Affairs which has been previously referred to and which reads in relevant part as follows:

"(c) National Service Life Insurance may be granted under the provisions of 38 U.S.C. 725(c), on or after May 1, 1965, and prior to May 3, 1966, to persons referred to in § 8.0(d) (2) (iii). Such insurance shall be issued in accordance with the provisions of paragraphs (b) and (e) of this section and with the following additional provisions:

"(1) The insurance shall not be payable for death of the insured which occurs within 1 year from the effective date if such death is caused or is contributed to directly or indirectly by

"(i) bodily or mental (including nervous) illness, injury, infirmity or disease of any kind or any medical or surgical treatment of such illness, injury, infirmity or disease which existed on the effective date of such insurance; or by

"(ii) any other bodily, or mental (including nervous) illness, injury, infirmity or disease arising as a complication or sequela of or secondary to progress or treatment of the bodily or mental (including nervous) illness, injury, infirmity or disease which existed on the effective date of such insurance.

"(2) The insurance shall not be payable if the insured, while sane or insane, shall commit suicide within 1 year from the effective date;

"(3) If the insurance is not payable for death within 1 year from the effective date as set forth in subparagraphs (1) and (2) of this paragraph the premiums paid, without interest, less any indebtedness will be paid to the designated beneficiary, if living, otherwise to the insured's estate; * * *." 38 C.F.R. 8.112a(c).

Plaintiff contends that this regulation contravenes existing sections of the National Service Life Insurance Law and constitutes an abuse of the rule-making power of an administrative agency of the government and an unlawful attempt to enact legislation in the guise of regulation. Plaintiff argues that the regulation in question is contrary to the manifest intent of Congress. Plaintiff argues further that if the provisions of the statute authorizing the Administrator of Veterans Affairs to promulgate regulations thereunder includes authority to promulgate the regulation at issue here, then the statute represents an improper delegation of legislative power and violates Article 1, Section 1 and Article 1, Section 8(18) of the United States Constitution.

The Court cannot accept plaintiff's contention that the regulation in question contravenes existing sections of the National Service Life Insurance Law or that it is manifestly contrary to the intent of Congress. This precise argument with respect to the regulation at issue here was considered in a recent case in the Eastern District of Louisiana. After an extended review of the legislative history of the statute and of the statutory wording, that Court concluded:

"In view of this history, it cannot be said that the Regulation had the effect of amending the Act without consent of Congress. On the contrary, the Regulation was a necessary part of the implementation of the Act itself. Thus, it is the opinion of this Court that the Regulation is binding upon those participating in the program to whom it is applicable, * *." Guy v. United States ex rel. Veterans Administration, 280 F.Supp. 281, 284–285 (E.D.La.1968).

Plaintiff contends however that the regulation here involved contravenes certain sections of the National Service Life Insurance Law. For example, plaintiff argues that when Congress enacted Section 12(a) of Public Law 88–664, 78

Stat. 1094 (38 U.S.C.A. § 725), it fixed all the essential requirements for eligibility for the insurance involved in this case. Plaintiff urges that: "The Congress expressed its will that an eligible veteran suffering from a non-service connected disability which renders him commercially uninsurable as of the date of the enactment (October 13, 1964) *shall be issued* insurance during the limited period of one year upon the same terms and conditions as are contained in the standard policies of National Service Life Insurance but with certain exceptions (clause 1 through 6 of Section 725c)." On this basis plaintiff concludes that the Administrator has improperly added an additional exception to these standard conditions to the six specifically enumerated, contrary to what Congress "manifestly intended".

The problem with this argument is that Congress provided not six, but seven exceptions to the standard terms and conditions. The statute provides in 38 U.S.C.A. § 725 that insurance granted under subsection (c) of that section shall be granted upon the same terms and conditions as are contained in standard policies of National Service Life Insurance, except,

> " * * * (7) the insurance shall include such other changes in terms and conditions as the Administrator determines to be reasonable and practicable."

This is *not* a situation where *all* the terms and conditions are enumerated and the Administrator, relying on a general power to make regulations, adds an additional condition to those specifically enumerated. What is before this Court is a situation where the Congress has specifically provided that the enumerated list is not to be exhaustive, but rather that the Administrator is empowered to add to that list, provided only that those additions be "reasonable and practicable". And the Court believes that the regulation is reasonable and practicable and in accord with the legislative purpose of the statute for the reasons set

forth in detail in Guy v. United States, 280 F.Supp. 281 (E.D.La.1968).

Plaintiff claims, however, that the regulation in question also contravenes another section of the National Service Life Insurance Law, namely 38 U.S.C.A. § 710 which deals with the incontestability of such policies. That section provides in relevant part:

> "38 U.S.C.A. § 710. Incontestability
>
> Subject to the provisions of section 711 of this title all contracts or policies of insurance heretofore or hereafter issued, reinstated, or converted shall be incontestable from the date of issue, reinstatement, or conversion except for fraud, nonpayment of premium, or on the ground that the applicant was not a member of the military or naval forces of the United States.
> * * * * "

A provision reflecting this statutory provision appears on the face of each insurance policy issued and in particular on the policy involved in this case. Plaintiff claims that the regulation at issue adds exceptions to those enumerated in Section 710 and is therefore in conflict with the incontestability provision.

The Court cannot agree with plaintiff's contention. In dealing with the scope of the incontestability provision in a somewhat analogous context, the District Court for the Middle District of Pennsylvania stated:

> "It does not seem that Congress intended by this incontestable provision to increase or broaden the limits of the insurance contracts of the United States but only to clearly fix enforceability of the contracts as set out in the policies. * * * " Neuhard v. United States, 83 F.Supp. 911, 912 (M.D.Pa.1949).

The Court went on further to say:

> "In Perilstein et al. v. Prudential Insurance Company of America, 1943, 345 Pa. 604, 29 A.2d 487, it was held by the Pennsylvania Supreme Court that a life insurance policy containing a provision that it shall be incontestable after two years from its date, ex-

cept for nonpayment of premiums, did not preclude the insurer more than two years after its date from raising the defense of suicide under another provision of the policy. The Court in its opinion adopted the reasoning stated in 3 Williston on Contracts (Rev.Ed.1936), Section 811, as follows: 'The incontestable clause is intended not to enlarge the scope of the insurer's promise so as to include liability for death due to causes which are excluded either by express terms of the policy or by implication of law, but to make certain the enforceability of the promise as set out in the policy. Properly interpreted, therefore, the incontestable clause does not exclude a defense based on a suicide clause. Such a defense does not contest the validity of the policy, as does a defense of fraud in procuring the policy; it supports the policy, but asserts that by its terms the insurer is not bound to pay where death is caused by suicide.' " Id. at 913.

This same distinction between defenses which contest the validity of the policy and those which, while supporting the validity of the policy, are grounds for nonpayment of proceeds, is critical here. The Regulation in question, like the suicide clause referred to above, does not assert that the policy is invalid or conflict with its incontestability. Instead, it spells out in part the contractual terms of the insurance policy. It is noteworthy that the same regulation which in 38 C.F.R. 8.112a(c) (1) provides that the insurance proceeds shall not be payable for deaths resulting from non-service connected disabilities in existence on the date of application which occur within one year from that date also provides in 38 C.F.R. 8.112a(c) (2) for nonpayment of proceeds for deaths resulting from suicide within one year from that date (see p. 1038, *supra*). If, as is indicated above, clauses like the suicide clause in 38 C.F.R. 8.112a(c) (2) do not conflict with incontestability, it is hard to see how that provided by the regulation in question can conflict with incontestabil-

ity. The clauses are analogous in substance and in effect.

In fact, although plaintiff fails to draw this distinction in connection with its contention that the regulation in question conflicts with the incontestability provision in the statute, it relies on the very same distinction in connection with the question of jurisdiction discussed above. For in that connection *plaintiff argues* that, even without the amendment to the mandamus and venue provisions, there would be jurisdiction in this Court because *there was a valid contract of insurance* even though payment of the proceeds could not be authorized due to the regulation at issue. If the regulation in question prevented the existence of a valid contract of insurance, this argument could have no substance at all.

The Court concludes in light of the above discussion that the regulation at issue did not contravene existing statutory provisions.

But plaintiff argues further that the statutory provisions authorizing the Administrator to make regulations under the statute, if interpreted to sanction the regulation at issue, represent an excessive delegation of authority by Congress in violation of Article 1, Section 1 and Article 1, Section 8(18) of the United States Constitution. These Sections provide that the legislative powers of the Federal Government shall be vested in Congress and give Congress the power to make all laws necessary and proper for the execution of its powers. In support of its contention that enactment of the regulation in question represents an unlawful attempt by the Administrator "to enact legislation in the guise of regulation", plaintiff relies on Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 56 S. Ct. 397, 80 L.Ed. 528 (1936); United States ex rel. Lyons v. Hines, 70 App.D.C. 36, 103 F.2d 737, 122 A.L.R. 674 (1939); Nordberg v. United States, 51 F.2d 271 (D.Mont.1931); Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977 (1935); and similar cases. But each

of these cases dealt with a situation where the regulation at issue was either inconsistent with the statute or beyond the statutory authority of the Administrator, or both. Manhattan General Equipment Co. v. Commissioner of Internal Revenue, *supra*, 297 U.S. at 135, 56 S.Ct. 397; United States ex rel. Lyons v. Hines, *supra*, 103 F.2d at 742; Miller v. United States, *supra*, 294 U.S. at 439–440, 55 S.Ct. 440; Nordberg v. United States, *supra*, 51 F.2d at 273. Since this Court has held the regulation involved in the instant case to be consistent with the statute, within the statutory authority of the Administrator, reasonable, and consonant with the statutory purposes, these cases are inapplicable here.

In reality, only two Federal cases have invalidated Congressional delegations to govermental authorities, namely A. L. A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935), and Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935). *See* 1 Davis Administrative Law §§ 2.01–2.06 (1958 ed.). The *Panama* case has never been extended beyond its own unique setting and the *Schechter* case involved what has been described as the "most sweeping Congressional delegation of all time". Davis, *supra* § 2.06. In contrast, Congressional delegations of the limited scope involved in this case and of far greater scope have been invariably upheld in more recent Federal decisions. *See, for example*, American Trucking Associations, Inc. v. United States, 344 U.S. 298, 73 S.Ct. 307, 97 L.Ed. 337 (1953); Arizona v. California, 373 U.S. 546, 83 S.Ct. 1468, 10 L.Ed.2d 542 (1963), decree entered 376 U.S. 340, 84 S.Ct. 755, 11 L.Ed. 2d 757 (1964); NBC v. United States, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344 (1943). This Court believes that the statutory provision in 38 U.S.C.A. § 725(c), authorizing the Administrator to make such additional terms and conditions as he determines to be "reasonable and practicable", creates a more than adequate standard in light of the concrete framework provided by the remainder of the statute and of the legislative history for such regulation.

The Court therefore concludes that Regulation 38 C.F.R. 8.112a(c) (1) is valid. Plaintiff concedes that this ruling must terminate the present cause of action in favor of the defendant, since it is undisputed that the veteran died within one year from the date of his application from infirmities which existed on that date. Accordingly, defendants' motion to dismiss for failure to state a claim upon which relief can be granted will be treated as a motion for summary judgment and as such will be granted.