566 A.2d 269

**Mary GROLL, Appellee,**

v.

**SAFECO LIFE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1989.

Filed Nov. 2, 1989.

Charles Weiner, Philadelphia, for appellant.

John J. Levy, Philadelphia, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

Safeco Life Insurance Company ("Safeco") appeals from an order granting summary judgment in favor of appellee Mary Groll. On appeal, Safeco asserts that the incontestability provision in a group life insurance policy does not bar it from asserting the defense that the insured was ineligible for coverage under the policy. We disagree with Safeco's argument; consequently, we affirm.

On November 1, 1982, Safeco Life Insurance Company ("Safeco") issued a policy of group insurance to the Kaplan Company ("Kaplan") on the lives of Kaplan's regular full-time employees working a minimum of thirty hours each week. Michael Groll filled out an enrollment card in which he designated Mary Groll as his beneficiary. On January 1, 1986, Michael Groll was shot and killed in his home during a burglary.

Michael Groll's premiums were paid from November 1, 1982, the date on which the policy became effective, until his death. Safeco had accepted all of these premium payments. Pursuant to the terms of the policy, the amount of basic life insurance coverage on each insured was $10,000. An additional $10,000 of life insurance coverage was provided in the event of an accidental death. As defined under the policy, Michael Groll's death was an accidental one.

Kaplan submitted a notice of claim to Safeco on January 9, 1986, and requested that Safeco pay the $20,000 of insurance proceeds directly to Michael Groll's beneficiary, Mary Groll. Safeco refused to pay the proceeds because Michael Groll was not a regular full-time employee of Kaplan working a minimum of thirty hours each week and

was therefore ineligible to be an insured under the terms of the policy.

Mary Groll filed suit against Safeco. She did not allege that Michael Groll was an eligible employee; rather, she asserted that she was entitled to collect the proceeds of the policy despite his ineligibility because the policy contained an incontestability clause. She contended that pursuant to said clause, Safeco was barred from asserting Michael Groll's employment status as a defense for non-payment of the proceeds because it failed to contest his eligibility within the two-year time period mandated by the policy's incontestability clause.

After admitting that no material facts were in dispute, both parties filed motions for summary judgment. Following a hearing on said motions before the Honorable William H. Yohn, Jr., Safeco's motion was denied and Mary Groll's motion was granted. In response, Safeco filed the instant appeal.

On appeal, Safeco alleges that the incontestability clause should not have barred its ability to contest Michael Groll's eligibility under the terms of the policy. Safeco argues that its act of accepting Groll's insurance premiums should not be construed as a waiver of its right to subsequently assert Groll's employment status as a defense, since it had no awareness of Groll's employment status until the time of his death. Additionally, Safeco contends that if the incontestability clause is interpreted as requiring all insurers to investigate all potential insureds, a substantial increase in insurance rates would result, thereby defeating the purpose of group life insurance programs which function on a self-administrative fashion.

A motion for summary judgment may be properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Askew by Askew v. Zeller*, 361 Pa.Super. 35, 521 A.2d 459 (1987). The moving

party bears the burden of demonstrating that summary judgment is warranted. *Id.* Both parties to this appeal stipulated that there were no material issues of fact and have stipulated all necessary facts. Accordingly, our focus on appeal is whether Mary Groll was entitled to judgment as a matter of law.

As was stated by the trial court, "the question before us is whether an employee who, admittedly, did not meet the eligibility requirements of an employer's group life insurance policy is nevertheless covered by the policy on the date of his accidental death where the policy contained a two-year incontestability clause and, in fact, was not contested within the two-year contestability period." Pennsylvania statutorily mandates that all life insurance policies contain a type of incontestability clause. 40 P.S. § 510(c). In pertinent part, § 510 provides that all life insurance policies delivered in Pennsylvania must contain "[a] provision that the policy shall be incontestable after it has been in force, during the lifetime of the insured, two years from its date of issue, except for nonpayment of premiums; . . .".

█ In cases involving incontestability provisions in individual life insurance policies, Pennsylvania case law draws a distinction between questions of policy validity and questions of policy coverage. An incontestability clause bars the insurer from challenging the validity of the policy, but does not bar a challenge to policy coverage. *Perilstein v. Prudential Insurance Company of America*, 345 Pa. 604, 29 A.2d 487 (1943). The courts of this Commonwealth have never addressed this distinction in the context of group life insurance; however, other jurisdictions have drawn an analogous distinction between "conditions of insurance" and "limitations on coverage" in group policies. Defenses based on conditions of insurance, like those based on policy validity, are barred; defenses based on coverage limitations, like those based on policy coverage, are allowed. *Simpson v. Phoenix Mutual Life Ins. Co.*, 24 N.Y.2d 262, 267, 299 N.Y.S.2d 835, 839, 247 N.E.2d 655, 657 (1969). The insurance policy in question was in effect for long enough to trigger incontestability; therefore, we must determine

whether eligibility for coverage under a group policy is a condition of insurance or a limitation on coverage.[1]

Many jurisdictions have addressed this issue, and two irreconcilable lines of cases have arisen. One line of cases, following *Simpson v. Phoenix Mutual Life Ins. Co.*, 24 N.Y.2d 262, 299 N.Y.S.2d 835, 247 N.E.2d 655 (1969), holds that eligibility is a condition of insurance and cannot be contested. The other line, led by *Crawford v. Equitable Life Assurance Society*, 56 Ill.2d 41, 305 N.E.2d 144 (1973), holds that the defense of ineligibility is not barred by an incontestability clause. We have analyzed both lines of cases, and find the *Simpson* cases to be the better reasoned opinions. Safeco advances several public policy arguments in support of the *Crawford* line of cases; however, we find the arguments unpersuasive. Accordingly, we follow *Simpson*.

■ *Simpson v. Phoenix Mutual Life Ins. Co.*, 24 N.Y.2d 262, 299 N.Y.S.2d 835, 247 N.E.2d 655 (1969), involved a factual situation identical to that in the case at bar. The *Simpson* decedent was not eligible for coverage under his employer's group policy because he worked less than 30 hours per week. 24 N.Y.2d at 264, 299 N.Y.S.2d at 837, 247 N.E.2d at 656. Nevertheless, Simpson enrolled in the plan, and his employer paid all of his premiums until his death. *Id.* The *Simpson* court analyzed the validity/coverage distinction in individual life insurance cases. The court concluded that conditions of insurance are those matters which can be discovered by investigation at the time the

---

1. The trial court suggested that the incontestability clause in the instant policy was broad enough to cover both questions of validity and questions of coverage. The provision states:

    Safeco will not contest the policy, except for non-payment of premium, after the policy has been in force for two years.
    SAFECO can only contest your coverage under this policy if:
    (a) the contest is based on your statement of insurability;
    (b) the statement is in writing and signed by you; and
    (c) your coverage has been in force for less than two years during your lifetime.

    We need not decide whether this clause bars challenges to limitations on coverage, because we find that eligibility is a condition of insurance, not a limitation on coverage.

policy is issued, whereas limitations of coverage are risks which the insurer cannot otherwise guard against. 24 N.Y.2d at 266–69, 299 N.Y.S.2d at 839–41, 247 N.E.2d at 657–8. Eligibility could be discovered by simple investigation; therefore, the defense of ineligibility is barred by an incontestability clause. 24 N.Y.2d at 268, 269, 299 N.Y.S.2d at 840, 841, 247 N.E.2d at 658, 659. See also *Freed v. Bankers Life Ins. Co. of Nebraska,* 216 N.W.2d 357 (Iowa 1974).

The result in the case at bar must be the same. Safeco had two years to conduct a simple investigation regarding the employment status of Michael Groll and to contest the validity of his policy. Instead, Safeco chose not to make such an investigation. This Court should not be expected to alter the terms of the policy to account for Safeco's failures. In sum, Safeco gambled and lost.

In making this determination, we are not broadening the scope of coverage afforded the insured, but are enforcing the promises of the insurer. These promises benefitted the insurer by enticing the insured to purchase the policy. Safeco cannot subsequently seek to ignore these promises when they become unfavorable or unprofitable. Accordingly, we affirm the determination of the trial court.

Order affirmed.