**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELIZABETH F. CORBETT,
<u>Plaintiff-Appellant,</u>

v.

No. 95-1795

FORTIS BENEFITS INSURANCE
COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Franklin T. Dupree, Jr., Senior District Judge.
(CA-94-43-7-D)

Argued: February 2, 1996

Decided: April 1, 1996

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Lloyd Coble, MARSHALL, WILLIAMS &
GORHAM, L.L.P., Wilmington, North Carolina, for Appellant. Don-
ald John Harris, PETREE STOCKTON, L.L.P., Raleigh, North Caro-
lina, for Appellee. **ON BRIEF:** Lonnie B. Williams, MARSHALL,
WILLIAMS & GORHAM, L.L.P., Wilmington, North Carolina, for
Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After Waddell A. Corbett died, his widow, Elizabeth F. Corbett, sued Fortis Benefits Insurance Company, seeking $100,000 in death benefits under a group insurance policy. The district court granted summary judgment to the insurance company, holding that it had no duty to pay benefits. Mrs. Corbett appeals, and we affirm.

I.

Mr. Corbett was a partner of Corbett Package Company. On March 1, 1988, Mutual Benefit Life Insurance Benefit Company ("Mutual") issued a group insurance policy to Corbett Package. As a partner of the company, Mr. Corbett was covered under that policy. The policy contained the following "incontestability" provision:

> The validity of the Policy cannot be contested, except if premiums are not paid after it has been in force for 2 years from its Effective Date. The validity of the insurance and any Person Insured cannot be contested, except if premiums are not paid, after the insurance has been in force for 2 years during the Person Insured's lifetime.

The Mutual policy also provided that "to be eligible for insurance, a person must be a member of an Eligible Class" and that insurance coverage would terminate on "[t]he date the person is no longer in an Eligible Class." For this case, "Eligible Class" means "each active, Full-Time Partner and salaried employee of [Corbett] who is working in the United States of America except any temporary or seasonal workers." "Full Time" was defined as "a regular work week consisting of at least 30 hours of work."

The Mutual policy provided further that if an insured for whatever reason were to fall out of an "Eligible Class", he could convert his

2

coverage under the group policy into coverage under an individual insurance policy. A group insurer is required under North Carolina law to provide a conversion right. See N.C. Gen. Stat. § 58-58-140(8). The Mutual policy provided that to convert, a person must "apply for the Conversion Policy" within 31 days and "pay the premium required by the Conversion Policy." If the insured dies within the 31-day conversion period, but before actually converting, he is covered as if he had converted the policy.

At some point after Mutual issued its policy, Western Life Insurance Company ("Western") assumptively reinsured the Mutual policy. Mutual and Western merged in 1991, forming Fortis Benefits Insurance Company ("Fortis"), the defendant here.

On July 1, 1993, Fortis issued its own group insurance policy to Corbett Package. That policy contained provisions virtually identical to the provisions of the Mutual policy. The Fortis policy, for example, provided, "A covered person's insurance will end on the date . . . a person stops active work" (underlining of defined terms omitted). "Active work" was defined as at least 30 hours of work per week at the employee's "usual place of business." The policy also allowed an insured to convert his group insurance into an individual policy should his group insurance end.

The Fortis policy's incontestability provision said:

> The validity of the policy cannot be contested after it has been in force for 2 years. The validity of your coverage under the policy cannot be contested after you have been insured under the policy for 2 years during your lifetime. However, if the premiums are not paid, the validity of the policy or your coverage can be contested at any time.

(Underlining of defined terms omitted.)

Mr. Corbett worked full time at Corbett Package until June 27, 1991, when he suffered a brain hemorrhage and was diagnosed with cancer. He was determined to be fully disabled as of October 3, 1991, and he never again worked full time after that date. He died October

3

10, 1993. At no time did Mr. Corbett, Mrs. Corbett, or anyone representing Mr. Corbett's interests apply to convert his group insurance into an individual policy.

After Mr. Corbett died, Mrs. Corbett filed a claim for benefits with Fortis. After Fortis denied her claim, she brought suit in North Carolina court. Fortis removed the case to the United States District Court for the Eastern District of North Carolina, invoking the court's diversity jurisdiction. The parties agreed as to the facts of the case and cross-moved for summary judgment. Thereafter, the district court entered summary judgment in favor of Fortis. The district court based its ruling on two grounds: (1) Mrs. Corbett could not invoke the policy's incontestability clause because when Mutual and Western merged to create Fortis and Fortis issued a new policy, a new two-year period of contestability began to run, and (2) in any event, the incontestability provision does not bar Fortis from asserting as a defense to coverage that Mr. Corbett had dropped out of the eligible class without exercising his conversion rights.

Although we disagree with the district court on the first point, we agree on the second. Accordingly, we affirm because an incontestability clause does not prohibit an insurer from denying coverage on the ground that the employee -- once eligible as a member of the insured group -- has dropped out of the eligible class.

II.

The incontestability period began to run on March 1, 1988, when coverage began under the Mutual policy. Thus, that policy became incontestable on March 1, 1990. When Fortis was created it took over all obligations under the Mutual policy. In addition, the new policy Fortis issued on July 1, 1993, substantially duplicated the terms of the earlier Mutual policy and provided for the same death benefit. At no time did Fortis give any new consideration to persons initially insured under the Mutual policy. Because there was no "issuance of new or additional insurance," Fortis stood in the shoes of Mutual with respect to the incontestability provision. See Chavis v. Southern Life Ins. Co., 347 S.E.2d 425, 428 (N.C. 1986). An insurer cannot obtain new rights with respect to its policy holders merely by restructuring itself or by merging with another insurer. "Where one insurer assumes the risk of

4

another which had issued a life policy containing an incontestable clause, and the assuming insurer issues a new policy containing a similar clause, the contestable period, in the absence of a specific provision to the contrary, will be regarded as running from the date of the first policy." 18 Couch on Insurance § 72:41 (2d ed. rev. vol. 1983).

Thus, the district court erred in holding that a new period of contestability began to run with the issuance of the Fortis policy.

III.

The question remains, however, whether the insurer's defense (that Mr. Corbett was no longer a member of the covered group at the time of his death) is barred by the incontestability provision. We agree with the district court that the defense is not barred and that it is valid.

An incontestability provision bars the insurer from asserting that the insured was never covered at all or that the policy was never valid. The purpose of the clause is to prevent "an insurer from lulling the insured, by inaction, into fancied security during the time when the facts could best be ascertained and proved, only to litigate them belatedly, possibly after the death of the insured." 18 Couch on Insurance § 72:2 (2d ed. rev. vol. 1983). Such a clause, however, does not bar an insurer from asserting that a particular risk is not covered. An incontestability clause

> is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken.

Hooks v. Colonial Life & Acc. Ins. Co., 259 S.E.2d 567, 569-70 (N.C. Ct. App. 1979) (quoting Matter of Met. Life Ins. Co. v. Conway, 252 N.Y. 449, 452 (1930)(Cardozo, C.J.)). In this case, the insurer is not seeking to disaffirm the validity of the policy; instead it is only claiming that Mr. Corbett fell outside of the class of persons covered in the policy itself.

5

The critical point in this case is that the insurer's defense is based on the fact that Mr. Corbett dropped out of the covered group. For this reason, Groll v. Safeco Life Ins. Co., 566 A.2d 269 (Pa. Super. Ct. 1989), Rapak v. Companion Life Ins. Co., 990 F.2d 801 (4th Cir. 1993), and similar cases relied upon by the plaintiff are inapposite. In those cases the insurer claimed that the insured was never a member of the covered group. Here, however, we are not faced with a claim that Mr. Corbett was never covered. See Poffenbarger v. New York Life Ins. Co., 277 F. Supp. 726, 728 (S.D. W. Va. 1967). The policy expressly provided for termination of coverage if an insured ceased to be an active full-time employee. An incontestability clause does not bar an insurer from invoking specific policy provisions to argue that the coverage of a previously-covered insured had terminated before the time of the insured's death. Rasmussen v. Nebraska Nat'l Life Ins. Co., 170 N.W.2d 370, 376 (Iowa 1969); 18 Couch on Insurance § 72:59 (2d ed. rev. vol. 1983) ("The fact that a policy has become incontestable does not affect the rule that the insurer's liability is measured by the terms and provisions of the policy itself.").

Here, both the Mutual and Fortis policies expressly denied continued coverage to those persons who were no longer active full-time employees of Corbett Package. It would not make sense to apply the incontestability clause to bar the insurer from asserting that a former insured was no longer covered because he ceased to be an active full-time employee. Under Mrs. Corbett's view, once a person had worked for the company for two years, he would be entitled to perpetual coverage under the company's group insurance plan. The insurer never bargained to bear such a risk.

Both the terms of the policies and North Carolina law protect an insured from having his insurance suddenly ended in the event he unexpectedly falls out of the covered group. The insured may exercise his right to convert his group coverage into individual coverage. Unfortunately, neither the insured nor anyone representing his interests sought to do so in this case.

Because Mr. Corbett dropped out of the covered group, we affirm the judgment of the district court.

AFFIRMED